IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KALVIN RAY EICHELBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>LAURIE J. YARDLEY, Judge, #17265; BRUCE J. PRENDA, #19759; MORGAN C. SMITH, #23972; MATTHEW O. MELLOR, PHIL LANG, Sgt; and BAILIFF CLERK OF LANCASTER COUNTY COURT,<br><br>Defendants. | 8:23CV376<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Kalvin Ray Eichelberger's Complaint filed on July 5, 2023. Filing No. 1. When the Complaint was filed, Plaintiff was incarcerated at the Milwaukee Secure Detention Facility in Wisconsin. Filing No. 1 at 1. On August 23, 2023, the case was transferred from the United States District Court for the Eastern District of Wisconsin to this court because all the events giving rise to Plaintiff's claims occurred in Nebraska, and all defendants reside in Nebraska. Filing Nos. 9 & 10. On September 5, 2023, Plaintiff updated his address of record, explaining he was no longer incarcerated. Filing No. 14. Plaintiff is now a non-prisoner, is not represented by counsel, and proceeds in this forum in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued Laurie J. Yardley, County Court Judge for Lancaster County, Nebraska; Chief Deputy County Attorney Bruce J. Prenda and Deputy

County Attorneys Morgan C. Smith and Matthew O. Mellor of the Lancaster County Attorney's Office; Sergeant Phil Lang of the Lancaster County Sheriff's Office; and the "Bailiff Clerk" of the Lancaster County Court. Plaintiff alleges the following as his "Statement of Claim":

On March 29, 2022, a hearing was held before Judge Yardley regarding Plaintiff's extradition to face charges pending in Wisconsin. Defendants Smith and Mellor were the prosecutors; Plaintiff appeared pro se. Plaintiff, who was at that time housed in the Lancaster County Jail following a fentanyl overdose, wanted to return to his home in Wisconsin. He waived extradition, and Judge Yardley ordered Plaintiff's extradition to Wisconsin.

Plaintiff alleges that the following day, Judge Yardley, Smith, and Mellor met ex parte to discuss withdrawing the extradition order so Plaintiff could face drug charges in Nebraska. Plaintiff alleges Smith and Mellor wanted to pursue drug charges against Plaintiff in retaliation for Plaintiff overdosing on fentanyl and being unwilling to assist with any investigation. Plaintiff claims he was given no notice of the ex parte meeting, and he received no notice and did not attend any hearing on withdrawal of the extradition order. He claims the Lancaster County Court created and filed a false certificate of service which purportedly provided Plaintiff with a notice of hearing, but the certificate says that notice was sent to Plaintiff's home in Milwaukee, Wisconsin, even though Judge Yardley knew Plaintiff was incarcerated in the Lancaster County Jail. He "challenge[s] the certificate of service by the bailiff clerk." Filing No. 1 at 4 (spelling corrected).

Plaintiff claims his right of access to the courts was denied because the ex parte discussions and any hearing to withdraw the extradition order were held without his knowledge and then sealed by Judge Yardley, thereby denying his right to appeal. He further claims his access to the courts was denied

2

because he mailed a writ of habeas corpus challenging his incarceration, but the clerk claims it was not received.

Plaintiff claims his conviction and sentence is void due to lack of jurisdiction and fraud. He asks the court to vacate the conviction and sentence; disbar Judge Yardley, Smith, and Mellor and revoke their "bonds"; and award him $1,000 per day of his unlawful incarceration for a total of $730,000, plus damages for pain and suffering. Filing No. 1 at 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at

849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff's complaint alleges Judge Yardley and prosecutors Smith and Mellor committed ethical violations and must be disbarred. He further alleges his state conviction and sentence must be vacated and damages must be awarded due to the state court's lack of jurisdiction and the fraudulent conduct of the judge and prosecutors.

**A. Ethical Violation Claims**

Plaintiff alleges Judge Yardley and prosecutors Smith and Mellor committed ethical violations by engaging in ex parte communications to revoke Plaintiff's extradition to Wisconsin, and by failing to provide notice or allow him to attend hearings on the prosecutors' requested withdrawal of the judge's extradition order. He requests an order disbarring Judge Yardley and prosecutors Smith and Mellor and revoking their "bonds."

Plaintiff has not filed a federal disciplinary complaint, and the alleged judicial and attorney misconduct cited in his complaint occurred solely in state court proceedings. Plaintiff's federal civil lawsuit is not the proper procedure for considering, investigating, and if appropriate, litigating Plaintiff's allegations of ethical misconduct by Judge Yardley and prosecutors Smith and Mellor. Moreover, bonds are not posted by Nebraska judges and prosecutors.

4

Therefore, the claims within Plaintiff's complaint which seek imposition of judicial and attorney discipline and revocation of bonds posted by or for Judge Yardley and prosecutors Smith and Mellor must be dismissed.

## B. Claims under 42 U.S.C. § 1983

To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). In his complaint, Plaintiff states his due process rights were violated. He requests that his "conviction [be] overturned and sentence vacated due to the court's lack of jurisdiction to prosecute making his conviction & sentence void. By means of fraud!" Filing No. 1 at 6. He asks the Court for damages arising from his alleged unlawful conviction and sentence.

### 1. Voiding a Conviction and Sentence under 42 U.S.C. § 1983

All of Plaintiff's claims for relief are dependent on finding his prior conviction and sentence are void. But he was not convicted and sentenced in the only judicial proceedings discussed in his complaint—hearings regarding his extradition to Wisconsin. Plaintiff's complaint does not identify the conviction and sentence he is challenging, when and where that judgment was entered, or where he served the sentence. Plaintiff does not allege a causal connection between the allegations in his complaint and his request to vacate a criminal conviction and impose associated damages, and the Court cannot surmise what the causal connection could be. Moreover, a lawsuit seeking to declare a criminal conviction void, vacate a sentence, and award damages for wrongful conviction are likely barred under either *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1974), the *Rooker-Feldman doctrine*, (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*,

5

460 U.S. 462, 482-86 (1983)), issue or claim preclusion, the statute of limitations, or a combination of these legal doctrines.[1] But without knowing what criminal judgment Plaintiff seeks to set aside, the court cannot properly analyze the extent of its jurisdiction over this case or whether Plaintiff's claims are barred. Plaintiff's claim seeking a determination that a conviction and sentence was void for lack of jurisdiction and fraud must be dismissed, and with it, any claims for damages arising from the alleged wrongful conviction.

### 2. Damage recovery under 42 U.S.C. § 1983

Even assuming Plaintiff's conviction and sentence can be challenged in this federal lawsuit, as explained below, Plaintiff's complaint does not state a valid claim for monetary relief under 42 U.S.C. § 1983 against any of the named defendants.

If the complaint does not clearly specify whether a defendant is sued in an official or individual capacity, the Court applies the "course of proceedings" test: The fundamental question is whether the course of proceedings puts the defendant on notice that they are being sued in their individual capacity and that their personal liability is at stake. *S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025). The inquiry is whether the plaintiff's intention to hold a defendant personally liability can be ascertained fairly. *Id.*

Here, Plaintiff's complaint requests relief—disbarment and bond revocation—that necessarily implicate the defendants in their individual capacities. Because the complaint seeks relief not available from the

---

[1] Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1974), a prisoner may not recover in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus.

The *Rooker–Feldman* doctrine bars federal district court review of cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005).

defendants in their official capacities, it suggests an intent to sue them in their individual capacities. *Cf. id.* at 1139-40 (considerations include whether relief not available from official capacity defendants). Accordingly, the Court understands the complaint to name the defendants in both their official and individual capacities.

### a. Judge Yardley and Lancaster County Court Bailiff/Clerk

Plaintiff's claims against Judge Yardley and the bailiff clerk, in their official capacities, are claims against the State of Nebraska. *Harris v. Mo. Ct. of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. Plaintiff's claims for damages against the Nebraska state courts necessarily fail because courts as entities are not vulnerable to § 1983 suits, and they are protected by state immunity under the Eleventh Amendment. *Robinson v. Lancaster Cnty. Ct.*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019); *see, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). The Eleventh Amendment bars recovery of damages from the state absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Nebraska has not waived its immunity, *Roe v. Nebraska*, 861 F.3d 785, 789 (8th Cir. 2017), and Congress did not abrogate the states' sovereign immunity in 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989). In addition, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983. They cannot be sued for recovery under § 1983. *Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 200-01 (1991);

*McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (holding states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983).

Plaintiff's official capacity damage claims against Judge Yardley and the clerk's office staff of the Lancaster County Court must be dismissed.

Nor can Plaintiff recover § 1983 damages from Judge Yardley in her individual capacity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id*. (internal citations omitted).

Plaintiff's complaint alleges Judge Yardley communicated with prosecutors and convened hearings regarding Plaintiff's extradition, and then ordered the proceedings sealed—all responsibilities normally performed by a judge. Plaintiff appeared before Judge Yardley and waived extradition to face charges in Wisconsin, and at the time of the events alleged, he was housed in the Lancaster County Jail. The alleged acts were performed in the judge's judicial capacity over the extradition proceedings involving Plaintiff, and there is no claim that the judge's actions were performed in the complete absence of jurisdiction. Judicial immunity bars any claim for damages against Judge Yardley in her personal capacity.

As to the "Bailiff Clerk" named as a defendant, Plaintiff's sole allegation is that he "challenge[s] the certificate of service by the bailiff clerk." Filing No.

8

1 at 4 (spelling corrected). The complaint does not state who prepared the certificate of service, how and by whom it was docketed, and even assuming it was incorrect, how the certificate of service caused entry of a void conviction and sentence. In addition, court clerks are entitled to quasi-judicial immunity for acts that are discretionary, taken at the direction of a judge, or taken according to court rules. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020). Plaintiff alleges nothing to place the bailiff clerk's actions outside the scope of such immunity. The complaint does not state a constitutional claim against the unnamed bailiff clerk.

### b. The County Employees

The remaining defendants are Bruce J. Prenda, Morgan C. Smith, and Matthew O. Mellor of the Lancaster County Attorney's Office and Sergeant Phil Lang of the Lancaster County Sheriff's Office, all in their official capacity. Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed.R.Civ.P. 17(b). Each county in Nebraska may sue and be sued in its own name, Neb.Rev.Stat. § 23–101, but the same is not true of county offices or departments. A lawsuit against county attorneys and county sheriff employees for Lancaster County, Nebraska, in their official capacities, is a lawsuit against Lancaster County, Nebraska. *See e.g.*, *Parsons v. McCann*, 138 F. Supp. 3d 1086 (D. Neb. 2015) (county attorney's offices and police department); *Winslow v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (sheriff's and county attorney's offices); *Holmstedt v. York County Jail Supervisor (Name Unknown)*, 739 N.W.2d 449, 461 (Neb. Ct. App. 2007) (county sheriff's department), *rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008).

When seeking § 1983 recovery from a governmental entity, such as a county, a plaintiff must identify a governmental policy or custom that caused

the plaintiff's alleged injury. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). And even if an unconstitutional policy or custom is alleged, the county cannot be held liable absent a threshold finding of individual liability on the underlying substantive claim. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Plaintiff's complaint does not allege the existence of any Lancaster County policy or custom that caused Plaintiff's injury. Plaintiff's official capacity claims against Lancaster County Attorneys Prenda, Smith, and Mellor and Sergeant Phil Lang of the Lancaster County Sheriff's Office must be dismissed.

Nor does Plaintiff's complaint state a damages claim against any of the County Employees in their individual capacities.

i. *Sergeant Phil Lang*

The complaint contains no allegations of misconduct or failure to act by Sergeant Phil Lang of the Lancaster County Sheriff's Office. It therefore fails to state any claim against this defendant.

ii. *Chief Deputy County Attorney Bruce J. Prenda*

Likewise, the complaint does not allege that Chief Deputy County Attorney Bruce J. Prenda did anything wrong. Very liberally construed, Plaintiff may be alleging Prenda, in his supervisory role, is responsible for the alleged misconduct of Smith and Mellor. However, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Supervisors can incur liability only for their personal involvement in a constitutional violation, or when their collective inaction amounts to deliberate indifference to or tacit authorization

of violative practices. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). Plaintiff's complaint contains no allegations of such conduct by Prenda and must be dismissed.

    *iii.    County Attorneys Smith and Mellor*

Plaintiff alleges Smith and Mellor tried to obtain an order withdrawing the extradition order entered on March 29, 2022, by having conversations with Judge Yardley and attending hearings, all without notice to Plaintiff or his attendance.[2] Liberally construed, Plaintiff alleges Smith and Mellor opposed his extradition in retaliation for Plaintiff refusing to assist in the investigation of a drug-related crime. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)). Since prosecutorial immunity depends on the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (quoting *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds*, *Burns v. Reed*, 500 U.S. 478(1991)).

---

[2] It appears the prosecutors' arguments were unsuccessful, and Plaintiff was, in fact, extradited to Wisconsin. As of July 3, 2023, when his complaint was filed, Plaintiff was incarcerated in Wisconsin. Filing No. 1-1. He was released on or before August 30, 2023. Filing No. 14 at 2. If Plaintiff was extradited despite the prosecutors' arguments opposing extradition, Plaintiff cannot show any harm caused by the alleged due process violations because he prevailed even though he was not present during the alleged ex parte discussions with Judge Yardley and hearings to withdraw the extradition order.

Plaintiff alleges Smith and Mellor opposed Plaintiff's extradition to Wisconsin because they wanted to pursue charges against Plaintiff in Nebraska, and to that end, they advocated against Plaintiff's extradition in communications and hearings before Judge Yardley. These alleged acts by Smith and Mellor were performed as part of their prosecutorial functions. Smith and Mellor are entitled to absolute immunity in Plaintiff's § 1983 suit for damages.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). Plaintiff's complaint does not state a claim against any of the defendants, his claim for monetary relief against Judge Yardley is barred by judicial immunity, and his claim for monetary relief against defendants Smith and Mellor is barred by prosecutorial immunity. Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.
3. Plaintiff's pending motion for appointment of counsel, Filing No. 19, is denied as moot.

Dated this 9th day of July, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge